787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MERICKA & CO., INC., Plaintiff-Appellee,
v.
WORLDWIDE EXPORT CORPORATION; HENRY TABOR, Defendants-Appellants.
 85-3460
 United States Court of Appeals, Sixth Circuit.
 3/27/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION
 Before: JONES and WELLFORD, Circuit Judges; GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Appellants, Worldwide Export Corporation (WEC), and A. Henry Tager appeal the district judge's dismissal of their counterclaim and his refusal to vacate a settlement judgment against Tager and WEC. In a related criminal case, Tager was convicted of securities, mail and wire frand,[1] involving the same transaction.
 
 
 2
 Appellee, Mericka & Company, a Cleveland based brokerage firm, became involved with appellants, WEC and its president and chairman of the board, A. Henry Tager, when the latter contacted it about investments for his 'syndicate' of investors. Tager ordered through appellee thousands of shares in Cook United stock which was ultimately handled through a bank delivery of that stock. Subsequently, Tager placed an order through appellee for 20,000 shares of Nord Resources stock. After several abortive attempts at bank delivery, appellee sold the Nord stock for $103,800.00, resulting in a loss to appellee of $47,457.50. Appellee contended from the outset that the transactions were handled on an understood basis of cash payment upon stock delivery.
 
 
 3
 The government instituted criminal proceedings against Tager in connection with these activities. Mericka also filed this civil action in federal district court based upon diversity jurisdiction, alleging breach of contract, fraud, and a RICO clsim based upon mail fraud. In its complaint, Mericka based its claim solely upon events surrounding the Nord stock transactions and made no claim as to the Cook United stock. Due to the pendency of the criminal action, the district court stayed this civil action until the criminal case was tried. The trial judge who heard the criminal case recused herself from the civil action, and another judge was assigned to handle the case.
 
 
 4
 Upon conclusion of the criminal trial but before sentencing, Judge Manos, the newly assigned judge, set the case for trial. On his own motion on February 27, 1985, he disposed of the counterclaim made by WEC, dismissing it without prejudice.
 
 
 5
 Since Tager's attorneys had withdrawn from this case, he acted pro se and negotiated a stipulated settlement with Mericka.[2] The stipulation provided that Mericka would accept as full satisfaction of its claims $45,000.00 to be paid within ninety days in periodic payments; failure to make timely payments, however, would result in a payment of $163,000, the alleged value of judgment based on RICO treble damages and attorney fee provisions. The stipulation was filed on February 28, 1985.
 
 
 6
 On March 4, 1985, Tager was sentenced to five years imprisonment on the criminal charge and was also ordered to make restitution in accord with the stipulated settlement. Tager, however, was then imprisoned without bond after sentencing.
 
 
 7
 On March 29, 1985, appellants filed a Fed. R. Civ. P. 60(b) motion to vacate the judgment, alleging the district court erred in dismissing sua sponte their counterclaim and also claiming that 'it is no longer equitable that the judgment remain in effect.' The motion to vacate was based on the following contentions: (1) Tager was 'led to believe' in settlement negotiations that his stipulation would avoid his incarceration on the criminal conviction; (2) Tager was unable to make payments in accordance with the settlement because he was incarcerated; (3) appellants had good defenses to appellee's claims; and (4) the amount of the settlement was excessive.
 
 
 8
 Tager did not make timely payments in accord with the settlement. Accordingly, on May 15, 1985, Judge Manos, upon appellee's motion, entered judgment against appellants for $163,000 with an effective date of February 28, 1985, the date of original judgment.
 
 
 9
 Appellants claim that the district judge abused his discretion in refusing to rule on his 60(b) motion and entering the May 15, 1985 order in appellee's favor.[3] Appellants assert that, under 60(b)(6), there are other 'reason[s] justifying relief from the operation of the judgment.'[4]
 
 
 10
 Appellants contend that relief from the judgment is required 'to accomplish justice in an extraordinary situation' Appellants' Brief at 10. They claim that (1) appellants had defenses to appellee's claims; (2) appellants allege that Tager, acting pro se, agreed to the settlement solely because he believed that he would not be imprisoned if he settled; and (3) Tager could not gather the funds necessary to pay off the judgment because he was imprisoned without bond upon sentencing.
 
 
 11
 None of the grounds asserted for vacating the judgment is appropriate. Even if appellants had defenses to appellee's claims, they unconditionally agreed to settle the case without pursuing those claimed defenses.[5] No evidence was presented in the record to substantiate claims that the settlement was induced improperly. The record indicates that Tager, a former attorney, entered into the settlement freely and voluntarily, without any overreaching. Nor is appellant's imprisonment a basis for 60(b) relief. To hold otherwise would suggest that a money judgment or other order requiring restitution in light of a civil settlement is a ground for vitiating that agreement if the debtor is imprisoned. We cannot accede to such a theory. Thus the district judge did not abuse his discretion in refusing to vacate the judgment and in entering the May 15, 1985 order.
 
 
 12
 For the foregoing reasons, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Tager's conviction was affirmed on appeal See United States v. Tager, No. 85-3196 (6th Cir. 1986)
 While the complaint refers to appellant as 'Tabor', his correct name is Tager, and we refer to the latter name throughout. Tager's relationship to WEC is set out in the criminal appeal in greater detail.
 
 
 [2]
 Tager has formerly been an attorney
 
 
 [3]
 Appellants also challenge the district court's sua sponte dismissal of its counterclaim against appellee. The dismissal was effectuated on the grounds that it was permissive and likely to confuse the jury. The district judge entered a judgment incorporating the settlement agreement on February 28, 1985. Notice of appeal was filed on June 12, 1985. Since we conclude that the February order constituted a final judgment, appellants' failure to file a timely appeal precludes any challenge to this dismissal of the counterclaim
 
 
 [4]
 Appellants make in their brief an additional challenge to the district court's refusal to vacate the judgment under Fed. R. Civ. P. 60(b)(5). Since appellants did not raise this claim before the district court, we consider that this issue has been waived
 
 
 [5]
 Since was only review the district judge's actions for abuse of discretion, we do not reach the underlying legal basis for the court's decision. By failing to appeal the February 28, 1985 entry of judgment, appellants waived any right to challenge the merits